**James L. PENNINGTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24780.**

United States Court of Appeals Fifth Circuit.

April 8, 1968.

Albert M. Horn, Atlanta, Ga., for appellant.

J. V. Eskenazi, Asst. U. S. Atty., Miami, Fla., for appellee.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant James L. Pennington appeals from his conviction on a jury's verdict of guilty of violating 15 U.S.C. § 902(e), making it unlawful for a person convicted of a felony to transport a firearm in interstate commerce. He was sentenced to a term of three years' imprisonment.

At approximately 2:30 in the early morning of October 18, 1965, two Miami Beach police officers observed an automobile proceeding at a very high rate of speed and gave pursuit with sirens and emergency lights for twenty-five to thirty city blocks during which the speed of the automobile exceeded eighty miles per hour when they forced the driver (defendant Pennington) to stop. The license plate indicated to the police that the automobile was a rental car, so the officers asked Pennington to produce the rental contract and his driver's license. He produced only a Georgia driver's license. He was then arrested and taken into custody for reckless driving. One of the policemen searched the automobile prior to having it towed to the police station. The Government states

that it was necessary to inventory the contents before releasing the car from police custody. A fully loaded automatic pistol was visible in the unlocked glove compartment, and in response to the officer's question, appellant admitted ownership of the firearm. No advice as to constitutional rights relative to making a statement was given to appellant before he was asked about the ownership of the pistol. Both police officers testified that appellant said the gun belonged to him. There is no indication that the arrest of appellant for a traffic violation was pretextual in nature or for the purpose of making an illegal search of the vehicle.

Appellant testified that he sold the firearm to a friend, Wayne Pridgen, and was not aware that it was in the glove compartment; that he had driven from Atlanta to Miami with Pridgen, but did not know that Pridgen had the gun with him on the trip. Pridgen testified that he brought the gun with him on the trip but did not think appellant knew about it; that he took his car to a service station and had transferred it to appellant's rental vehicle, but forgot to mention this to appellant and forgot to put the weapon back in his own car.

Numerous errors are assigned as to the trial below, the first of which relates to the district judge's instruction concerning the presumption in 15 U.S.C. § 902(f), which section provides that possession of the firearm by a felon shall be presumptive evidence that it was transported in interstate commerce by such person, in violation of the statute (i. e. the Federal Firearms Act, 15 U.S.C. §§ 901–909). No objection was made to the instruction, or to the reference to the statutory presumption by the prosecutor in final argument to the jury. Nevertheless, in our view the instruction was prejudicially erroneous and constituted reversible error.

Both the court and the United States Attorney failed to note that the statutory presumption contained in 15 U.S.C. § 902(f) has been held unconstitutional by the Supreme Court in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87

L.Ed. 1519 (1943). The use of the unconstitutional presumption in the court's instruction to the jury amounted to plain error under Rule 52(b), Fed.R.Crim.P. The error was compounded when the jury, while the case was still under deliberation, came back into court and had the trial judge reread Section 902(f) to them. Following this, the district judge then gave the further instruction that the presumption could be rebutted by contrary evidence.

In construing Section 902(f) in Tot, the Supreme Court said (319 U.S. 466, 63 S.Ct. 1244):

"Both courts below held that the offense created by the Act is confined to the receipt of firearms or ammunition as a part of interstate transportation and does not extend to the receipt, in an intrastate transaction, of such articles which, at some prior time, have been transported interstate."

Then the Court said (319 U.S. 467, 468, 63 S.Ct. 1245):

"Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience."

Referring then to the statutory provision under consideration (Section 902 (f), the Court held (319 U.S. 468, 63 S.Ct. 1245):

"It is not too much to say that the presumptions created by the law are violent, and inconsistent with any argument drawn from experience."

And finally, the Court held (319 U.S. 469, 63 S.Ct. 1246):

"Whether the statute in question be treated as expressing the normal balance of probability, or as laying down a rule of comparative convenience in the production of evidence, it leaves the jury free to act on the presumption alone once the specified facts are proved, unless the defendant comes forward with opposing evidence. And

this we think enough to vitiate the statutory provision."

But the Government argues that despite the unconstitutionality of the presumption in Section 902(f), which was read to the jury twice by the district judge and also freely argued by the prosecutor to the jury, the conviction should nevertheless be affirmed because, it is contended, the defendant did not deny that the weapon had been transported in interstate commerce and this element was never placed in issue by the defense. Thus it is contended by the Government it was not plain error for the court to charge the jury on the statutory presumption; that the rights of the defendant were fully protected by the court's supplemental charge to the jury that the statutory presumption may be rebutted by contrary evidence. But Pennington's testimony was that he sold the gun to Pridgen in Georgia several months before coming to Miami; that he did not know it was in the glove compartment and had not seen the gun since he sold it until the police brought it out of the glove compartment. It is thus impossible for us to determine on what premise the jury found the defendant guilty on the crucial issue of transportation of the firearm in interstate commerce. Since the jury's deliberations were secret, we do not know with certainty what effect the instruction and argument about the statutory presumption in Section 902(f) had in the ultimate determination of the case. But it can hardly be said that an instruction to the jury and the permitting of an argument by the prosecutor to the jury which gave vitality to the unconstitutional Section 902(f) presumption of guilt was harmless error, and it is reasonable to conclude that the instruction by the use of the unconstitutional presumption played a very real part in the verdict of guilty against appellant.

The Government contends that the law is settled that a search made incidental to an arrest, which search is made for the purpose of discovery of weapons which might put the arresting officer in danger or might facilitate escape, is lawful. It cites, among other cases, Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). However, we do not reach the questions relating to the so-called unlawful search and seizure of the vehicle in which the firearm was discovered, the admission of ownership of the firearm said to be in violation of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or the alleged failure to inform the defendant in custody of his constitutional rights under the Fifth Amendment.[1] On the retrial of this case it will be expected that the facts on these issues will be fully developed and that the court will consider whether Miranda is applicable and what effect on search and seizure of an automobile in connection with a traffic arrest is permissible in light of our recent decisions in Amador-Gonzalez v. United States, 5 Cir., 1968, 391 F.2d 308, and Jennings v. United States, 5 Cir., 1968, 391 F.2d 512, as well as the decision of the Supreme Court in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

Reversed and remanded for a new trial.

---

1. The appellant also claims error in the giving by the trial judge of the "Allen" charge (Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)). This court has approved the use of the identical charge given by the court in the present case in Thaggard v. United States, 5 Cir., 1965, 354 F.2d 735, cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966).